Joseph S. Davidson, *Pro Hac Vice* (Ill. Bar No. 6301581)
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Facsimile: 630-581-8188
E-Mail: jdavidson@sulaimanlaw.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANN K. MURRAY,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC,<br><br>Defendants. | Case No. 2:19-cv-04198-RSWL-SS<br><br>**JOINT RULE 26(f) REPORT** |

**a. Statement of the case:**

Plaintiff: From September 2017 to July 2018, approximately $6,693.00 in charges were made in Plaintiff's name. On October 2, 2018, Plaintiff initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The schedules filed by Plaintiff listed Discover on Schedule E/F: Creditors Who Have Unsecured Claims. On January 8, 2019, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 727. Plaintiff's Order of Discharge by operation discharged Plaintiff from, *inter alia*, any personal liability on the indebtedness owed to Discover. On February 15, 2019, Plaintiff obtained credit reports from Equifax, Experian and TransUnion. Plaintiff discovered that Discover wrongly reported Plaintiff's account as "[a]ccount paid less than full balance/charged off account."

Moreover, Plaintiff discovered that Discover did not reference Plaintiff's account as "discharged in bankruptcy." On February 26, 2019, Plaintiff mailed credit dispute letters to Equifax, Experian and TransUnion by United States Postal Service First Class Mail®. Plaintiff's dispute results wrongly showed Plaintiff's account as "Charge[d] Off." Furthermore, Plaintiff's dispute results did not mention Plaintiff's account as "discharged in bankruptcy."

Discover: Contrary to Plaintiff's allegations, on July 31, 2018, Plaintiff made a payment to Discover to settle the debt she owed in connection with her credit card account. Because Plaintiff did not pay the entire amount owed, a portion of the debt was written off by Discover and the account was closed. On October 2, 2018, less than 90 days after Plaintiff made the payment and her account was closed,[1] Plaintiff filed for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code. But because the account at issue had already been settled and closed, Plaintiff's filing for bankruptcy, and the ultimate discharge of debt through her bankruptcy, had no impact on the account. Moreover, and because Plaintiff failed to pay the full amount that she owed to Discover, part of the debt was in fact written off as bad debt, or "charged off." Because there is nothing inaccurate with the information furnished by Discover, Discover denies that it violated the FCRA and further denies that Plaintiff is entitled to any relief whatsoever.

Equifax: Equifax is a consumer reporting agency, as that term is defined in the FCRA, and is regularly engaged in the preparation of consumer credit reports. Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers. Equifax denies that it violated the FCRA in its handling of Plaintiff's credit file and that it is liable to Plaintiff in any manner whatsoever. Even if Plaintiff has suffered any compensable damages, Equifax is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.

[1] Although not at issue here, Plaintiff failed to disclose this payment within her bankruptcy filings.

Experian: Experian denies Plaintiff's claims. This is a credit reporting case under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Experian is a consumer reporting agency as that term is defined by the FCRA. Experian followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports and conducted a reasonable reinvestigation into Plaintiff's disputes when required to do so. Experian was not a creditor nor a party to Plaintiff's bankruptcy proceedings. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently. Therefore, Experian has no liability in this case. Experian further denies that Plaintiff suffered any actual damages.

**b. Subject Matter Jurisdiction:** Plaintiff alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**c. Legal issues:**

As to Discover: The legal issues to be determined with respect to Plaintiff's claim against Discover are: (1) whether there is any inaccuracy in the information furnished by Discover relating to the credit card account at issue; (2) to the extent there is any inaccuracy (which Discover denies), whether Discover's investigation in response to Plaintiff's dispute was reasonable; (3) whether Plaintiff was harmed by any alleged violation of the FCRA by Discover; and (4) whether this action was brought and/or prosecuted by Plaintiff in bad faith entitling Discover to recover its attorneys' fees and costs.

As to Equifax and Experian: Equifax and Experian assert the primary legal issues include whether there was any violation of the FCRA, which Equifax and Experian deny, whether Plaintiff suffered any damage as a result of any alleged violation of the FCRA, whether Equifax or Experian proximately caused Plaintiff's alleged damages, whether Plaintiff is entitled to recover any actual damages pursuant to 15 U.S.C. § 1681o, and whether Plaintiff is entitled to recover any statutory

and/or punitive damages pursuant to 15 U.S.C. § 1681n.

**d. Parties, Evidence, etc.:**

- **Parties:** Plaintiff**,** Discover, Equifax, Experian and Trans Union
- **Witnesses**: Plaintiff**,** Discover, Equifax, Experian, Trans Union, any credit grantor who Plaintiff alleges denied her credit or otherwise injured her purportedly due to information received from the consumer reporting agencies.
- **Evidence**: Plaintiff's bankruptcy documents; Plaintiff's consumer disclosure(s); Plaintiff's credit file; Plaintiff's credit report; Plaintiff's credit dispute letter; Automated Consumer Dispute Verification Form ("ACDV"); Dispute Results

Discover: The relevant parties and witnesses are: (1) Plaintiff; (2) a witness or witnesses of Discover to discuss the account at issue; (3) any third parties with knowledge of the account at issue, including any third parties retained by Plaintiff to negotiate a settlement of debt owed on her account; and (4) the consumer reporting agencies. The relevant evidence will be: (1) the records of Discover relating to the account at issue; (2) Plaintiff's credit file; (3) the various disputes allegedly submitted by Plaintiff and any responses by Discover thereto; and (4) the records relating to Plaintiff's Chapter 7 bankruptcy.

**e. Damages:** As result of Defendants' alleged violation(s) of 15 U.S.C. § 1681 *et seq*., Ms. Murray is seeking any actual damage sustained as result of such failure or damages of not less than $100.00 and not more than $1,000.00; such amount of punitive damages as the court may allow; and in the case of any successful action to enforce any liability, the costs of the action together with reasonable attorney's fees as determined by the court.

Discover: As set forth above, Discover denies that it violated the FCRA. Accordingly, Discover denies that Plaintiff is entitled to any relief whatsoever. Further, the FCRA permits a prevailing defendant to recover its fees where it can establish that a claim was filed and/or prosecuted in bad

faith. Based on the facts known to Discover at this time, Discover reserves its right to pursue such a remedy and its damages are continuing to accrue.

**Equifax:** Equifax denies Plaintiff's entitlement to any damages whatsoever. Equifax is not seeking damages at this time but reserves the right to do so.

**Experian**: Since discovery has not yet commenced, Experian is unable to estimate Plaintiff's range of provable damages. Experian further denies that it was the proximate cause of any of Plaintiff's alleged damages. Experian does not allege any damages at this time but reserves the right to do so.

**f. Insurance:**

Discover: At this time, Discover is unaware of any policy applicable to the allegations in the Complaint. Should coverage status change, Discover will amend its disclosures.

Equifax: Equifax is self-insured in this matter.

Experian: Experian has no insurance that would be applicable to this case.

**g. Motions:**

Discover: At this time, Discover anticipates filing a motion for summary judgment seeking an adjudication of the legal issues it identified above.

Equifax: Depending on the information obtained in discovery, Equifax may file a motion for summary judgement on liability and/or damages.

Experian: Experian does not anticipate filing any motions to add other parties or claims, to amend its pleadings, or to transfer venue.

**h. Manual for Complex Litigation:** None.

**i. Status of Discovery:** None. The parties will exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) on August 6, 2019.

**j. Discovery Plan:**

**(i) what, if any, changes in the disclosures under Rule 26(a) should be made;**

None.

**(ii) the subjects on which discovery may be needed;**

The parties anticipate that discovery may be needed on the following subject(s): Plaintiff's bankruptcy proceedings; furnishing/reporting of Plaintiff's account; investigation conducted in response to Plaintiff's credit dispute; Defendants' credit dispute policies and procedures pertaining to processing consumer disputes; and Plaintiff's damages.

**(iii) whether discovery should be conducted in phases or otherwise be limited;**

The parties do not believe that discovery should be conducted in phases or otherwise be limited.

**(iv) whether applicable limitations should be changed or other limitations imposed;**

None.

**(v) whether the Court should enter other orders;**

Experian reserves the right to seek an appropriate protective order depending on the nature and scope of Plaintiff's discovery. Experian requires entry of a protective order to govern the use and disclosure of information that is deemed confidential, trade secret and/or commercially sensitive. Experian anticipates the parties will submit a proposed stipulated protective order for consideration and entry by the Court.

**k. Discovery Cut-Off:** January 30, 2020.

**l. Expert Discovery:** The parties do not believe that expert discovery will be required.

**m. Dispositive Motions:**

Discover: Discover anticipates filing a motion for summary judgment seeking an adjudication of the legal issues it identified above.

Equifax and Experian**:** Depending on the information obtained in discovery, Equifax and Experian may file motions for summary judgement on liability and/or damages. Experian further anticipates filing motions *in limine*.

**n.** **Settlement/Alternative Dispute Resolution (ADR):** The parties haven't engaged in settlement discussions. The parties select Local Rule 16-15.4 ADR Procedure No. 2, appearance before a neutral from the Court Mediation Panel. ADR should occur no later than 90 days before the Final Pretrial Conference.

**o.** **Trial Estimate:** 2 to 3 days.

**p.** **Independent Expert or Master:** None.

**q.** **Other issues:** None.

DATED this 23rd day of July, 2019

FOR PLAINTIFF
JOANN K. MURRAY

*/s/ Joseph S. Davidson*

Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
+1 630-581-5450
jdavidson@suliamanlaw.com

Respectfully submitted,

FOR DEFENDANT
DISCOVER FINANCIAL SERVICES

*/s/ Ali Fesharaki*

Ali Fesharaki
STROOCK AND STROOCK AND LAVAN LLP
2029 Century Park East
Los Angeles, California 90067
+1 310-556-5800
afesharaki@stroock.com

FOR DEFENDANT
EQUIFAX INFORMATION SERVICES, LLC

*/s/ Thomas P. Quinn, Jr.*

Thomas P. Quinn, Jr.
NOKES AND QUINN APC
410 Broadway, Suite 200
Laguna Beach, California 92651
+1 946-376-3500
tquinn@nokesquinn.com

FOR DEFENDANT
EXPERIAN INFORMATION SOLUTIONS INC.

*/s/ Jennifer Sun*

Jennifer Sun
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612
+1 949-851-3939
jennifersun@jonesday.com